633 So.2d 720 (1993)
Douglas SINOR
v.
NATIONAL CASUALTY COMPANY and Ferrell Morales, Vicky Morales.
No. 93 CA 0695.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
*721 Calvin Fayard, Denham Springs, for plaintiff.
Robert L. Kleinpeter, Baton Rouge, for Ferrell and Vicky Morales and Nat. Cas. Co.
Before LOTTINGER, C.J., and LeBLANC and FOIL, JJ.
LOTTINGER, Chief Judge.
This is a personal injury case arising out of an incident which occurred on June 29, 1991. Plaintiff, Douglas Sinor, and defendant, Ferrell Morales, completed some yard work at Mr. Morales' home and were relaxing on a swing when the cross beam fell and struck Mr. Sinor on the head.
Liability was admitted by Mr. Morales, thus, quantum was the sole issue before the trial court. The court rendered judgment in favor of Mr. Sinor and granted a total award of $49,042.30. The defendants appeal asserting that the trial court abused its discretion in granting damages.
As noted by defendants in brief, the jurisprudence of the State of Louisiana is clear that a plaintiff must prove by a preponderance of the evidence both the negligence of the defendant and the damages caused by the defendant's fault. Jordan v. Travelers Insurance Company, 257 La. 995, 245 So.2d 151, 155 (La.1971). In this case, Mr. Sinor was not required to prove fault, however, he was required to prove damages.
At trial, Mr. Sinor proved his medical and general damages by introducing into evidence the depositions of three doctors. Dr. Andrew Kucharchuk, an orthopedic surgeon, testified that he examined the plaintiff and Mr. Sinor was experiencing pain in the head and in the first and second vertebrae. Dr. Kucharchuk further testified that Mr. Sinor's pain was related to the June 29, 1991 accident. Dr. Richard Gold, a neurologist, also testified that the plaintiff was suffering from post-concussion syndrome and that this condition was a result of the accident. Additionally, Dr. Craig Waggoner, a psychologist, testified that the plaintiff was definitely experiencing pain and that Mr. Sinor's depression was likely a direct result of that pain.
Mr. Sinor also introduced the deposition of Ms. Katherine Persac, office manager for Shamrock Pipe Tools, to prove lost wages. According to Ms. Persac's testimony and the plaintiff's employment records, Mr. Sinor *722 was employed at Shamrock and was earning $9.00 per hour at the time of the accident. Mr. Sinor's records also indicated that he was terminated from his job on July 15, 1991, for reasons unrelated to the accident. Mr. Sinor explained that after his release from Shamrock, he was unable to gain employment because prescription medications prevented him from operating heavy equipment.
After reviewing the depositions and the testimony of Mr. Sinor, we conclude that the plaintiff did prove by a preponderance of the evidence that his damages were caused by the June 29, 1991, accident for which the defendant has admitted fault.
Having determined that Mr. Sinor met his burden of proof regarding damages, we now turn to the issue of quantum. Defendants have challenged the trial court's awards for future medical, past and future lost wages, and for past, present and future pain and suffering. La.Civ.Code arts. 1999 and 2324.1 afford trial courts much discretion in granting damage awards. This much discretion extends to the court's grant of special damages.
Defendants contend that the court's award of $5,000 for future medical expenses was an abuse of discretion. Dr. Craig Waggoner testified that Mr. Sinor's continuing treatment could cost $20,000 to $30,000. Although Mr. Sinor needs continuing treatment, the record reveals that some of his problems may not be related to the accident. Apparently the court took this factor into consideration when awarding Mr. Sinor $5,000 for future medical expenses. This conservative award was within the trial court's discretion.
Defendants also argue that the court's awards for past and future lost wages were excessive. Ms. Persac's deposition and Mr. Sinor's employment records show that prior to the accident, Mr. Sinor generally worked forty hours a week at $9.00 an hour. Although Mr. Sinor is no longer employed by Shamrock, these figures represent the salary that Mr. Sinor was capable of earning at the time of the accident.
At the time of trial, Mr. Sinor was still taking prescription drugs and had been out of work for approximately sixty weeks. Based on the above figures, Mr. Sinor could have earned $21,600.00 during the sixty weeks. In considering these factors, the trial court awarded Mr. Sinor $3,500.00 for past lost wages. We find no abuse of discretion in this past lost wages award.
Dr. Waggoner recommended that Mr. Sinor attend a six month in-house pain treatment program. While attending the program Mr. Sinor will be unable to work. Based on the figures supplied by Ms. Persac, Mr. Sinor could lose $9,000 in wages during the six months, however, the trial court granted $5,000 for future lost wages. We cannot say the court abused its discretion in granting this award.
Finally, the defendant challenges the trial court's award of general damages. The Supreme Court of Louisiana has expanded the trial court's discretion when granting general damage awards. In Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993) the court stated that:
The standard for appellate review of general damage awards is difficult to express and is necessarily nonspecific, and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963) through Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976), and through Reck [Reck v. Stevens, 373 So.2d 498 (La.1979)] to the present case is that the discretion vested in the trier of fact is "great," and even vast, so that an appellate court should rarely disturb an award of general damages. Reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or reduce the award. (Emphasis added.)
In Youn, the supreme court has again instructed the courts of appeal on the proper *723 appellate review of general damage awards by telling us that the trier of fact's discretion is not only "great," but that it is "vast," and we should "rarely disturb an award of general damages."
We have reviewed the facts in this case, and following the instructions of the supreme court determine that this is not one of those "rare" instances where the trial court abused its "vast" discretion in granting damages for past, present, and future pain and suffering. Mr. and Mrs. Sinor testified that as a direct result of the accident, Mr. Sinor suffered severe headaches, neck pain, and blurred vision. They also testified that Mr. Sinor continues to experience these problems and can no longer perform many of his daily activities without pain.
Mr. Sinor's doctors confirmed that he experienced severe pain at the time of the accident and that he continues to suffer both physically and emotionally. Although the record reflects that some of Mr. Sinor's problems may not be a direct result of the accident, there is ample evidence to support the trial court's award of $25,000.00 for past, present, and future pain and suffering. We conclude that the trial court did not abuse its vast discretion in granting this general damage award.
Because we have determined that the trial court did not abuse its discretion in granting damages, we affirm the decision of the trial court and assess the costs of this appeal against defendants.
AFFIRMED.